# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

GRACE ANN NETTI,

                                Plaintiff,

    v.                                          5:17-CV-976 (GTS/ATB)

STATE OF NEW YORK,

                                Defendant.

GRACE ANN NETTI, Plaintiff, pro se
AIMEE COWAN, Asst. Attorney General for Defendant

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION and ORDER

Presently before the court are several motions filed by plaintiff for various forms of relief. (Dkt. Nos. 36, 37, 38, 40, 41, 42). Defendant has opposed all of plaintiff's motions. (Dkt. No. 45). For the following reasons, this court agrees with defendant and will deny all of plaintiff's pending motions.

Plaintiff originally filed this action, in which she alleged, inter alia, that her car was repaired improperly, and the New York State Department of Motor Vehicles discriminated against her because of her disability when she attempted to complain about the car dealership's allegedly improper conduct. (Dkt. No. 1). On October 5, 2017, I reviewed plaintiff's initial filing and issued an Order and Report-Recommendation ("ORR") in which I recommended dismissal "with prejudice"[1] as

---

[1] I recommended dismissal with prejudice as to defendants 3rpm, Inc. d/b/a Harry's Tire; Augustine; Riester; Ferlenda; Bell; and State Farm Insurance. (Dkt. No. 6 at 46). I recommended dismissal with prejudice as to defendants Ayers; Iacona; Furlong; and Longo in their individual capacities. (*Id.*) I recommended dismissal with prejudice of all plaintiff's section 1983 claims against the State of New York. (*Id.*)

against all but defendant State of New York. (Dkt. No. 6). I recommended dismissing the State of New York without prejudice, only with respect to a claim based on the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (*Id.* at 46). I also recommended that plaintiff be given the opportunity to amend her complaint *only* with respect to her ADA claim against the State of New York. (*Id.*)

In response, plaintiff filed two documents, which she originally labeled as a "Draft Amended Complaint" and an "Amended Complaint."[2] (Dkt. Nos 10, 11). Plaintiff later filed a letter-request asking the court to consider the "Amended Complaint" as objections to my ORR. (Dkt. No. 12). Notwithstanding this "objection," Judge Suddaby adopted my ORR on February 9, 2018, and again gave plaintiff the opportunity to file an amended complaint which amended her claims *only* with respect to the ADA and *only* against the State of New York in accordance with the court's orders. (Dkt. No. 13).

Plaintiff filed an amended complaint on March 9, 2018, after filing two other motions that were denied by the court.[3] (Dkt. No. 20). Unfortunately, in her amended complaint, plaintiff again included defendants that Judge Suddaby dismissed with prejudice in his February 9th order. On March 14, 2018, I issued a Decision and Order, finding that although plaintiff had corrected some of the deficiencies that I cited in my ORR, she had again attempted to include allegations regarding issues that were dismissed with prejudice. (Dkt. No. 21) (citing ¶¶ 79-90 of plaintiff's amended complaint). However, I accepted the amended complaint in part and allowed the proper

---

[2] These documents included many of the same defendants and claims that I recommended dismissing with prejudice.

[3] (Dkt. Nos. 14, 17).

2

allegations under the ADA to go forward as against New York State, the only remaining defendant. Rather than require plaintiff to file another amended complaint, which deleted the dismissed, and otherwise inappropriately added sections, before ordering service of the amended complaint, I ordered the Clerk to strike the claims and defendants that Chief Judge Suddaby dismissed with prejudice. (Dkt. No. 21 at 4-5).

In my March 14, 2018 decision, I ordered service on the State of New York, the only remaining defendant, and on May 16, 2018, defendant filed a motion to dismiss plaintiff's amended complaint. (Dkt. No. 27). Plaintiff has responded in opposition to the defendant's motion. (Dkt. No. 31). That motion is pending before Judge Suddaby.

Plaintiff has now filed three motions for "joinder" of parties. (Dkt. Nos. 36-38). Two of the motions are Rule 19 "Motions of [sic] Required Joinder of Parties," and the third is a "Rule 20 Motion of Permissive joinder." (*Id.*) Plaintiff has also filed a Motion for Right to Privacy; a Motion for a Confidential Protective Order; and a Motion to Quash. (Dkt. Nos. 40-42).

I. **Joinder of Parties**

    A.    **Legal Standards**

There are three relevant rules governing joinder of parties. Fed. R. Civ. P. 19-21. Joinder under Rule 19 is "required" where "in that person's absence, the court cannot accord complete relief among existing parties," or where that person's absence may "impair or impede the person's ability to protect [an] interest [relating to the subject of the action]" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a); *Sylvester v. Interbay Funding, LLC*, No. 15-CV-1736, 2017 WL 4382056, at *2 (S.D.N.Y. Sept. 29, 2017) (citing *ConnTech Dev. Co. v. Univ. of Conn. Educ. Properties, Inc.*, 102 F.3d

3

677, 681 (2d Cir. 1996).

Permissive joinder under Rule 20 is permitted if "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In applying Rule 20, courts must "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Sylvester v. Interbay Funding, LLC*, 2017 WL 4382056 at \*3 (quoting *Kalie v. Bank of Am. Corp.*, 297 F.R.D. 552, 557 (S.D.N.Y. 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Rule 21 of the Federal Rules of Civil Procedure, allows addition of a party "at any time, on just terms.." Fed. R. Civ. P. 21. The "showing necessary under Rule 21 is the same as that required under Rule 15(a)." *Johnson v. Bryson*, 851 F. Supp. 2d 688, 703 (S.D.N.Y. 2012); *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980) (When considering the addition of new parties under Rule 21, courts apply "'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'") (quoting *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972)).

### B. Application

#### 1. City of Auburn and Sergeant Fabrize (Dkt. No. 36)

In plaintiff's first Rule 19 motion, she seeks to add the City of Auburn and Sergeant Ed Fabrize. Neither the City of Auburn, nor Sergeant Fabrize were listed as defendants in plaintiff's original complaint. (Dkt. No. 1 at 1, 2-5). Although plaintiff

included the City of Auburn in the caption of her "objections,"[4] and included an individual named "SGT. Frazier (sp?)" in her list of defendants, Judge Suddaby's order adopted my ORR and did not consider the documents that plaintiff ultimately had the court consider as "objections" to my ORR. Judge Suddaby adopted my initial recommendation, and therefore, the City of Auburn and Sergeant Frazier were not added as defendants in this action. (Dkt. No. 13). As stated above, in his February 9th order, Judge Suddaby gave plaintiff the opportunity to file an amended complaint which complied with the court's directions. (Dkt. No. 13).

When plaintiff filed the current Amended Complaint, she listed most of the previous defendants and included the City of Auburn in her caption, but there was nothing in the body of the complaint that described allegations against the City of Auburn or any Sergeant she may have listed in the caption or introduction to the complaint. In fact, as I stated in my review of plaintiff's amended complaint, she attempted to focus on the alleged discrimination in the NYDMV grievance process. (Dkt. No. 21 at 3). There were no factual statements against the City of Auburn or any Sergeant of the Auburn Police Department. My order specifically stated that all defendants except the State of New York were to be stricken in accordance with Judge Suddaby's order, and the only remaining claims were in the nature of disability discrimination by the State of New York under the ADA. I did not specifically address the City of Auburn or Sergeant Frazier.

The court will deny plaintiff's attempt to add the City of Auburn or the newly-

---

[4] As stated above, plaintiff initially filed two documents, one which she referred to as a "Draft Amended Complaint," and the other labeled "Amended Complaint," which she later told the court to consider as "objections" to my ORR. (Dkt. Nos. 10, 11).

named Sergeant Fabrize. Neither defendant is "required" under Rule 19 in order to adjudicate plaintiff's ADA claims against New York State, which are the only remaining claims in this action. In addition, in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Id.* at 694. To establish municipal liability, the policy must actually cause the violation of constitutional rights; it must be the moving force behind the violation. *Id.*; *Dominguez v. Beame*, 603 F.2d 337, 341 (2d Cir. 1979).

In this case, in her "motion" for joinder, plaintiff simply listed a variety of problems that plaintiff had with Sergeant Fabrize's conduct. Sergeant Fabrize allegedly answered the telephone and told plaintiff that he did not believe that "it mostly caused by an intentional act;" he allegedly "oppressed credible victim and witness;" and he failed to preserve plaintiff's car for investigation in a secure location. (Dkt. No. 36 at 2). Instead, Sergeant Fabrize told plaintiff to have her car inspected by defendant New York State. Finally, Sergeant Fabrize allegedly wrote three words on a pad without producing a full sentence or question. Plaintiff claims that "incomplete" information violates the ADA. Plaintiff then states that the City of Auburn "reasonably" knew about "the risk" for a long time, but does not articulate what risk or how any of the alleged conduct would rise to the level of a policy sufficient to rise to the level of municipal liability.

None of the allegations above rise to the level of a constitutional or ADA violation, and plaintiff has made no plausible claims of municipal liability as against the City of Auburn. Thus, to the extent that the court has not specifically discussed

these two proposed defendants previous to this order, it will deny plaintiff's motion for "required" joinder of the City of Auburn and Sergeant Fabrize.

### 2. 3RPM, Inc. DBA Harry's Tire

Judge Suddaby has dismissed Harry's Tire with prejudice[5] from this action in accordance with my recommendation. This court cannot change Judge Suddaby's ruling. Thus, I will deny the plaintiff's motion for permissive joinder of Harry's Tire.

### 3. State Farm Insurance

As with Harry's Tire, former defendant State Farm Insurance was dismissed with prejudice by Judge Suddaby. State Farm is not required for proper adjudication of the remaining ADA claim against the State of New York. Thus, the court will deny plaintiff's motion under Rule 19 for required joinder of State Farm.

## II. Right to Privacy, Confidential Protective Order, and Motion to Quash (Dkt. Nos. 40-42)

All three of the above motions make essentially the same request, each stated in a slightly different way. In plaintiff's right to privacy motion, she seems to be objecting that information sought by opposing or "third" parties may somehow violate her "right to privacy," and that "no further information will be provided on that basis." (Dkt. No. 40). Plaintiff then requests that the court issue an Order "to protect Witness, Plaintiff, and Pro Se Litigant in this case." (*Id.*) The court assumes that all three of the listed individuals are the plaintiff. First, it is unclear who requested any information from the plaintiff relative to this case. Defense counsel states in her opposition papers that "defendant has not sought any information from Plaintiff other than a response to its

---

[5] The term "with prejudice," indicates that plaintiff may not amend her complaint in this case with respect to this or any other defendant or claim that has been dismissed "with prejudice."

7

motion to dismiss." (Dkt. No. 45 at 4).

Plaintiff's request is completely unclear. She states that information "may be sought." Without knowing what information she is referring to, the court cannot determine whether producing any such "information" would violate plaintiff's right to privacy. Furthermore, the court must point out that discovery is part of a federal law suit which she has chosen to bring. Discovery is governed by the Federal Rules, and plaintiff would have the opportunity to challenge specific requests if the situation arises. *See e.g.* Fed. R. Civ. P. 26-37. Rule 26(c) provides that a party may request a protective order in certain circumstances, but these orders must be based on a specific request that plaintiff finds objectionable. Fed. R. Civ. P. 26(c)(1)(A)-(c)(1)(H). This court cannot issue speculative orders based on vague assertions of possible privacy violations. Thus, plaintiff's vague motion for an order to "protect" must be denied.

Plaintiff's motion for a confidential protective order states that she is worried that an opposing party or a third party will access her "privacy record" without her consent or by subpoena. (Dkt. No. 41). This motion is essentially the same as the motion which refers to her "privacy" rights. Plaintiff again asks for an order "protecting" her. However, as in her motion regarding her privacy rights, this court cannot rule on speculative requests that have not been made. Thus, plaintiff's motion for a confidential protective order is denied. In addition, plaintiff refers to "third parties." This court has no control over individuals or entities who are not parties to the lawsuit. The court cannot issue an order to unknown third parties.

Finally, plaintiff's "motion to quash" also states that she never consented to provide private information to outside parties or to opposing parties, and therefore, all such requests for information "shall be quashed." (Dkt. No. 42). Plaintiff requests an

8

order to "quash the non-relevant information to be entered in the civil case." Plaintiff is again asking this court to issue an order based on a request which has not been made. As explained above, this court may not issue such orders. Thus, plaintiff's motion to quash is denied.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motions for joinder of parties (Dkt. Nos. 36, 37, 38) are **DENIED**, and it is

**ORDERED**, that plaintiff's motion for right to privacy, for a confidential protective order, and motion to quash (Dkt. Nos. 40, 41, 42) are **DENIED**.

Dated: October 19, 2018

*[signature]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge