UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GRACE ANN NETTI,

                                                              Plaintiff,

      v.                                                       5:17-CV-976 (GTS/ATB)

STATE OF NEW YORK,

                                                             Defendant.

GRACE ANN NETTI, Plaintiff, pro se
AIMEE COWAN, Asst. Attorney General for Defendant

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION and ORDER

Presently before the court are three more motions filed by plaintiff for various forms of relief. (Dkt. Nos. 49, 52, 54). Plaintiff's first motion is for appointment of counsel, and the other two are to "supplement pleadings" and to join parties.

## I.    Appointment of Counsel

On September 18, 2018, I denied plaintiff's **second** motion for appointment of counsel.[1] (Dkt. No. 39). In denying plaintiff's motion for appointment of counsel on September 18, 2018, I carefully analyzed plaintiff's request under the standards articulated in *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1994). (Dkt. No. 39 at 2-4). Although I denied plaintiff's motion "without prejudice to renew," I noted that the appropriate time to renew the motion was when the case proceeded closer to trial.

---

[1] Plaintiff's first motion for appointment of counsel was denied as premature on October 5, 2017. (Dkt. No. 6).

Plaintiff's request to renew at this point is premature,[2] and she has cited no changed circumstances from my denial of September 18, 2018. I will, therefore, deny plaintiff's current motion for appointment of counsel for the same reasons as set forth in my September 18, 2018 order.

## II.   Motions for Joinder/Amendment

Although plaintiff filed two separate documents, it is clear that both documents ask for the same relief and should have been filed together.[3] (Dkt. Nos. 52, 54). Plaintiff moves again for joinder of Chris Ayers and Christina Longo as defendants in this action. However, in my first Order and Report-Recommendation ("ORR"), dated October 5, 2017, I recommended dismissing both of these defendants with prejudice. (Dkt. No. 6 at 47). Chief Judge Suddaby adopted my ORR on February 9, 2018. (Dkt. No. 13). Thus, any individual liability claims against former defendants[4] Ayers and Longo have been dismissed ***with prejudice*** by Chief Judge Suddaby. Plaintiff was given the opportunity to amend her complaint to cure the defects in her original

---

[2] Plaintiff has filed a letter stating that "I request again motion for renew counsel appointment." (Dkt. No. 49). Plaintiff then states that she has not "attend[ed] a hearing since Sept 2017 for motions to explain [sic] to prevent [sic] unfair prejudice or confusion or separate claims + issues." (*Id.*) There have been no in-person "hearings" in this case. The court has taken plaintiff's motions "on submission" which it is authorized to do in its discretion. It is unclear whether this statement by plaintiff relates to her motion for appointment of counsel. However, to the extent that plaintiff believes that the failure to hold in-person hearings has anything to do with her pro se status, she is advised that this court takes most non-dispositive motions either on submission or by telephone conference, whether the parties are represented by counsel or not.

[3] In fact, the heading of plaintiff's motion for "supplemental" or "additing [sic]" pleading (Dkt. No. 52) states that the document "goes with motion [under Rule] 21" (Dkt. No. 54). It appears that docket # 52 is a motion to amend while docket # 54 is plaintiff's motion to join parties under Fed. R. Civ. P. 21.

[4] These former individual defendants are employees of the Department of Motor Vehicles, and plaintiff alleges that they were involved in the alleged conduct that forms the basis of plaintiff's remaining ADA claim.

2

complaint and to remove the claims and defendants that Chief Judge Suddaby dismissed from the action. (*Id.*)

When plaintiff submitted her proposed amended complaint on March 9, 2018, she had still included many of the defendants that Chief Judge Suddaby dismissed with prejudice, including defendants Ayers and Longo and many of the claims that Chief Judge Suddaby dismissed in his February 9th order. (Dkt. No. 20). I reviewed plaintiff's proposed amended complaint, and on March 14, 2018, I issued an order granting plaintiff's IFP application and ordering service of the amended complaint on New York State, the one defendant remaining after Chief Judge Suddaby's order. (Dkt. No. 21). Plaintiff's remaining claim was for disability discrimination under the ADA in conjunction with the hearings that she attended after she filed a grievance with the Department of Motor Vehicles ("DMV") about the treatment that she received from former defendant Harry's Tire. I also directed the Clerk to terminate all the other defendants and claims, including individual defendants Ayers and Longo, based on Chief Judge Suddaby's February 9, 2018 order. (*Id.*)

Notwithstanding Chief Judge Suddaby's February 9, 2018 order and my March 14, 2018 order, plaintiff continued to ask for summonses to be issued for defendants Longo and Ayers. (Dkt. No. 32). Chief Judge Suddaby issued an order on June 20, 2018, once again denying plaintiff's request to have summonses issued for these defendants based on their dismissal from this action with prejudice. (Dkt. No. 33). Plaintiff then continued her efforts to amend the action to bring back other defendants who Chief Judge Suddaby dismissed with prejudice. (Dkt. Nos. 36-38). I denied those

motions, and other motions filed by plaintiff, in an order dated October 19, 2018.[5] (Dkt. No. 46).

Plaintiff has been told at least twice that former individual defendants Ayers and Longo have been dismissed *with prejudice*. Plaintiff now states that she wishes to add these defendants, together with a claim of "intentional infliction of emotional distress" ("IIED") against each of them. (Dkt. Nos. 52, 54). These are not new claims for plaintiff. Her proposed amended complaint also contained claims of intentional infliction of emotional distress. (AC ¶¶ 81-85). These IIED claims, along with plaintiff's attempt to rejoin multiple defendants who Chief Judge Suddaby had dismissed, were "stricken," in my March 14th order, and plaintiff's attempt to amend was denied except for the remaining ADA claim against the State of New York. (Dkt. No. 21).

Plaintiff cannot continue to submit requests to reassert claims that have been dismissed and to rejoin defendants who have been dismissed with prejudice. To the extent that plaintiff now states that she "opposes" the "with prejudice" dismissal, this court cannot change Chief Judge Suddaby's February 8, 2018 order, and as stated above, plaintiff has been told *at least twice* that she has not stated a claim against these defendants individually. If plaintiff believes that Ms. Longo and Mr. Ayers were involved in her ADA claim, she does not need to assert individual claims against these employees of the DMV.[6]

---

[5] The appeal of my order is currently pending before Chief Judge Suddaby. (Dkt. No. 55).

[6] IIED is a state law cause of action. The federal courts are granted supplemental jurisdiction over state law claims that are so related to the claims that are within the court's original jurisdiction, that they form part of the same case or controversy under the federal Constitution. 28 U.S.C. § 1367(a). If a court dismisses all claims over which it had original jurisdiction, it would have to balance certain

4

In plaintiff's motion to amend, she also incomprehensibly mentions various sections of Fed. R. Civ. P. 9, which involve capacity to be sued as well as fraud. (Dkt. No. 54). Rule 9(b) states that claims of fraud must be alleged with particularity. Fed. R. Civ. P. 9(b). Plaintiff's conclusory statements that defendants Ayers and Longo committed fraud because the DMV's hearing was improper, because former defendant Longo told plaintiff that "John Iacona's report was valid," or because they alleged that a particular meeting was a "hearing," do not state any particular fraud claims against these defendants. At worst, plaintiff may allege that former defendants Ayers and Longo mishandled the hearing procedures. These statements fall very short of specific allegations of fraud, which under New York law requires that "the complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff[] contend[s] the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements."[7] *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992). In any event, plaintiff's remaining claim deals with plaintiff's disability and the way that the hearing was conducted, not the substance of the hearing itself.[8] Thus, plaintiff has not stated a

---

factors in deciding whether to exercise its discretion to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). There is currently a motion to dismiss plaintiff's ADA claim, pending before Chief Judge Suddaby. (Dkt. No. 27).

[7] The basic elements of a fraud claim under New York law are "a material, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff." *May Dep't Stores Co. v. International Leasing Corp., Inc.*, 1 F.3d 138, 141 (2d Cir. 1993).

[8] Plaintiff may still claim that she was not afforded proper sign language interpreters or make other allegations that relate to her "access" to the DMV grievance program. This decision does not affect plaintiff's ability to allege that former defendants Ayers and Longo mishandled the hearing such that plaintiff was not properly afforded access to the DMV program under the ADA. However, plaintiff may not sue former defendants Ayers and Longo individually under the ADA.

5

claim for fraud against either defendant.

Plaintiff also mentions that the United States Department of Justice ("DOJ") has enforcement power to "prosecute" under Victim and Witness Protection Act." (Dkt. No. 52). Plaintiff also states that the DOJ has civil lawsuit power to protect witnesses. The Victim and Witness Protection Act, 18 U.S.C. § 3771, provides certain rights to "victims" "directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e)(2)(A). Plaintiff apparently believes that she has been the victim of a crime. Even if that were true, the statutes that plaintiff alludes to in her papers do not apply in this case. Plaintiff has provided no information suggesting that she has been a victim of a federal offense, and there is no pending federal (or local) criminal prosecution relating to plaintiff. Moreover, plaintiff has no private right of action to enforce either state or federal criminal statutes. *Carvel v. Ross*, No. 09-Civ. 722, 2011 WL 856283, at *11-12 (S.D.N.Y. Feb. 6, 2011) (citing *inter alia Abrahams v. Incorporated Village of Hempstead*, No. 08-CV-2584, 2009 WL 1560164, at *8 (E.D.N.Y. June 2, 2009) (dismissing civil suit for perjury because there is no private right of action for perjury under New York Law)).

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 49) is **DENIED WITHOUT PREJUDICE**, and it is

**ORDERED**, that plaintiff's motions to supplement pleadings, add pleadings, and for joinder of parties (Dkt. Nos. 52 and 54) are **DENIED**.

Dated: November 30, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge

6