UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GRACE ANN NETTI,

                         Plaintiff,

v.                                                    5:17-CV-0976
                                                      (GTS/ATB)

STATE OF NEW YORK,

                         Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

GRACE ANN NETTI
  Plaintiff, *Pro Se*
Post Office Box 724
Skaneateles, New York 13152

HON. BARBARA D. UNDERWOOD             AIMEE M. COWAN, ESQ.
Acting Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendant
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently pending before the Court, in this *pro se* civil rights action filed by Grace Ann

Netti ("Plaintiff") against the State of New York ("Defendant"), is Defendant's motion to

dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be

granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 27.) For the reasons set forth below,

Defendant's motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Generally, liberally construed, Plaintiff's Amended Complaint alleges that the New York State Department of Motor Vehicles ("NYDMV") did not comply with the Americans with Disabilities Act's ("ADA") requirement to assist disabled individuals navigate the grievance process, which resulted in her "lack of access" to that process. (*See generally* Dkt. No. 20.) More specifically, the Amended Complaint alleges that, based on an "improper motive" and "purposeful discrimination," the NYDMV inhibited her communications during the grievance hearing, did not afford her a proper sign language interpreter, and denied her an equal opportunity to be heard. (*Id.*)

Based on these factual allegations, Plaintiff's Amended Complaint asserts the following ten claims: (1) a claim that Defendant violated the ADA because, its ADA Compliance Officer Ms. Longo, failed to plan ahead and provide effective communication in the form of a qualified American Sign Language ("ASL") interpreting contractor, but provided only MAMI Inc., which is not a qualified ASL interpreting contractor; (2) a claim that Defendant violated the ADA because Ms. Longo failed to plan ahead and provide effective communication by failing to "vet" qualified ASL interpreting agencies; (3) a claim that Defendant violated the ADA because, its employee Mr. Iacona, failed to ensure effective communication during the investigative interview on March 11, 2016, and instead asked Plaintiff's family member to interpret; (4) a claim that Defendant violated the ADA because Ms. Longo failed to ensure effective communication during the meeting of May 20, 2016, through the presence of a qualified ASL interpreter; (5) a claim that Defendant violated the ADA because Ms. Longo retaliated against

her in that she "shifted to focus only on" Plaintiff's second grievance and refused to consider her first grievance; (6) a claim that Defendant violated the ADA because (a) Ms. Longo excluded her from participation in, or denied her the benefits of, the NYDMV grievance procedures by "never [sending her] a published ADA Grievance and Procedure," (b) arranging an unqualified interpreting contractor, and (c) never explaining to her the ADA Grievance and Procedure; (7) a claim that Defendant violated the ADA because Ms. Longo and Mr. Ayers retaliated against her for filing "valid grievances against Mr. Iacona" in that, during the formal grievance process, Mr. Ayers and/or Ms. Longo prevented her from asking all of her questions, excluded her evidence from the record, and engaged in side conversations in which she was unable to participate; (8) a claim that Defendant violated the ADA because Mr. Ayers retaliated against her by omitting a signature from the Final Determination Letter and failing to explain to her the ADA grievance and procedure; (9) a claim that Defendant violated the ADA by retaliating against her through (a) permitting Ms. Longo to blame her for the interpreting issue, (b) accessing her medical record without her consent, (c) preventing her from hearing or understanding what was said during the ex parte communications at the meeting on May 20, 2016, and (d) permitting Ms. Longo to suddenly move toward her shoulder from the opposite side of the table; and (10) a claim that Defendant violated the ADA because Mr. Ayers retaliated against her by intentionally blocking her view of Mr. Iacona while they spoke about an object that was in Ms. Longo's hand, and by quickly moving to the same side of the table as Plaintiff and invaded Ms. Longo's personal space without justification then "physically attacked [her] from his right side of body to [her] left side body without justification." (*Id.*)

Familiarity with the remaining factual allegations supporting these ten claims in Plaintiff's Amended Complaint is set forth more fully in U.S. Magistrate Judge Andrew T. Baxter's October 5, 2017, Order and Report-Recommendation (Dkt. No. 6, at 3-21) and is assumed in this Decision and Order, which is intended primarily for the review of the parties.

### B. Parties' Briefing on Defendant's Motion to Dismiss

Generally, in support of its motion to dismiss, Defendant argues that: Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action because it does not allege that (a) a policymaker intentionally discriminated against her because of her disability, or (b) an official with authority to address discrimination and institute corrective measures knew about, yet failed to adequately respond to ongoing discrimination against Plaintiff. (Dkt. No. 27, Attach. 1 [Def.'s Mem. of Law].)

Generally, in response to Defendant's motion, Plaintiff cross-moves for summary judgment and asserts the following eight arguments: (1) Defendant's motion to dismiss should be denied because (a) Plaintiff has sufficiently alleged an injury traceable to Defendant's conduct, (b) Defendant's proof of service was deficient in that Defendant failed to pay sufficient postage, requiring Plaintiff to pay the difference, and (c) Defendant's motion failed to include a supporting affidavit; (2) the Amended Complaint alleges sufficient facts to state a claim for relief because Plaintiff alleged that "[b]y threat Defendant Longo willfully misled investigation [sic] by reducing a fact out of all evidences [sic] Plaintiff had presented to Defendant Ayers after all hearing state officials had intentionally conducted an ex parte communication without Plaintiff's involvements [sic]"; (3) the involved state actors are not entitled to immunity pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and Title II of the ADA, and "Plaintiff . . .

intends to file a proposed summon [sic] for lawsuit and verified complaint to Defendant Chris Ayers and Defendant Longo under official capacity"; (4) the Amended Complaint asserts a pattern of intentional known discrimination and failure to act with regard to Plaintiff's Section 504 claim[1] and his Title II claim because it alleges that "Defendant Ayers willfully misrepresented his duty by attacking Plaintiff after Plaintiff as Witness with a heavy burden providing evidences [sic] during the investigation on May 20, 2016"; (5) the Amended Complaint alleges that Defendant acted with deliberate indifference by failing "to control licensed inspectors with violence [sic] tendencies twice in 2005 and 2015 causing property damages"; (6) the Amended Complaint alleges that Plaintiff's car has not been safe to drive and that, without assistance from State Farm Auto Insurance or Defendant, Plaintiff has been spending time and energy pursuing this matter, seeks compensatory and punitive damages; (7) because "Federal Power" preempts the decisions of the New York State Attorney General, "[t]he Court should favor [issuing a decision] for Plaintiff . . ."; and (8) there is a genuine issue of material fact regarding whether Defendant acted with deliberate indifference by failing to protect Plaintiff as a witness who was in danger, and owed a duty of care by Defendant because Defendant is the government. (Dkt. No. 31, Attach. 2 [Pl.'s Opp'n Mem. of Law].)

Generally, in its reply, Defendant asserts three arguments: (1) to the extent that Plaintiff has objections to Magistrate Judge Baxter's decision, the deadline to file those objections expired months ago and such objections should not be considered; (2) to the extent Plaintiff is requesting that Defendant's motion be converted to one for summary judgment and to find in her favor the Court should deny that request because, it would be premature to grant summary

---

[1] The Court notes that there is no claim pending pursuant to Section 504 of the Rehabilitation Act. (Dkt. No. 21.)

judgment given that no discovery has yet taken place; and (3) Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because (a) pursuant to Local Rule 7.1(A)(2)(A) an affidavit is not required for a motion pursuant to Fed. R. Civ. P. 12(b)(6), (b) although the postage may have been inadvertently calculated incorrectly, Plaintiff was not prejudiced (other than having to pay $0.53) given that she admits she received Defendant's motion papers on May 28, 2018, and she was able to file her opposition, (c) the Amended Complaint does not allege facts plausibly suggesting that anyone intentionally discriminated against her, (d) the Amended Complaint does not allege facts plausibly suggesting that any policymaker acted with ill will or personal animosity towards her because of her disability, and (e) Plaintiff's opposition includes belated allegations that are not contained in her Amended Complaint and, even when considered, are conclusory and insufficient to survive a motion to dismiss. (Dkt. No. 34 [Def.'s Reply Mem. of Law].)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate.[2] Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[3]

---

[2] The Court notes that Plaintiff's Amended Complaint has been reviewed pursuant to 28 U.S.C. § 1915. "[A] district court should look with a far more forgiving eye in examining whether a complaint rests on a meritless legal theory for purposes of section [1915(e)] than it does in testing the complaint against a Rule 12(b)(6) motion." *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990). "In determining whether a complaint survives a Rule 12(b)(6) motion, the plaintiff need 'only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Lee v. Kilchen*, 217 F. Supp. 3d 693, 694 (W.D.N.Y. 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 [2007]). "So long as the [*in forma pauperis*] plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the complaint must wait until the defendant attacks the lack of such details on a Rule 12(b)(6) motion." *Nance*, 912 F.2d at 607.

[3] *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a

plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

However, complaints by *pro se* parties are accorded more deference than those filed by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 127 (2007). As a result, this Court must

continue to "construe [a *pro se* complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 139, 146 (2d Cir. 2002).

**B.     Legal Standards Governing Plaintiff's Claims**

Plaintiff asserts claims pursuant to Title II of the ADA, which applies to public entities. (*See generally* Dkt. No. 20.)  As relevant here, Title II provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

"To allege a prima facie case of discrimination under Title II, plaintiff must plead (1) that he or she is a 'qualified individual with a disability'; (2) that the defendants are subject to the relevant statute; and (3) that he or she was 'denied the opportunity to participate in or benefit from the defendants' services, programs or activities, or was otherwise discriminated against by defendants, by reason of his or her disability." *Wager v. Greene Cnty.*, 2016 WL 519125, at *2 (N.D.N.Y. Jan. 6, 2016) (Hummel, M.J.) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 [2d Cir. 2004]). "Further, in order to recover damages under Title II [of] the ADA, the plaintiff must show that the discrimination was intentional." *Wager*, 2016 WL 519125, at *2 (citing *Frank v. Sachem Sch. Dist.*, 84 F. Supp. 3d 172, 187 [E.D.N.Y. 2015]).

"To prove 'intentional discrimination' under the ADA, a plaintiff must allege facts showing that a policymaker acted with ill will or personal animosity toward him because of his disability or that the policymaker acted with 'deliberate indifference' to his rights under the ADA." *Frank*, 84 F. Supp. 3d at 187 (citing *Gershanow v. Cnty. of Rockland*, 11-CV-8174, 2014 WL 1099821, at *4 [S.D.N.Y. Mar. 20, 2014]). "[A] plaintiff demonstrates deliberate

indifference in the Title II context where an 'official with authority to address the alleged discrimination and to institute corrective measures on Plaintiff's behalf had actual knowledge of ongoing discrimination against Plaintiff but failed to respond adequately." *Gershanow*, 2014 WL 1099821, at *4 (quoting *Stamm v. N.Y.C. Transit Auth.*, 04-CV-2163, 2013 WL 244793, at *4 [E.D.N.Y. Jan. 22, 2013]).

**III.   ANALYSIS**

After carefully considering the matter, the Court grants Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and denies Plaintiff's cross-motion for summary judgment for the reasons stated in Defendant's memoranda of law. (Dkt. No. 27, Attach. 1 [Def.'s Mem. of Law]; Dkt. No. 34 [Def.'s Reply Mem. of Law].) To those reasons, the Court adds the following analysis, which is intended to supplement but not supplant Defendant's reasons.[4]

The Amended Complaint seeks monetary damages. (Dkt. No. 20, at 18.) However, Plaintiff's Amended Complaint and the additional factual allegations contained in her opposition papers[5] do not allege facts plausibly suggesting intentional discrimination by a policymaker. (*See generally id.*; Dkt. No. 31.) The Amended Complaint and additional factual allegations do

---

[4]   As an initial matter, the Court notes that, pursuant to Local Rule 7.1(a)(2)(A), an affidavit is not required for a motion pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Moreover, the Court notes that Plaintiff's cross-motion for summary judgment is unsupported by a Statement of Material Facts, as required by Local Rule 7.1(a)(3).

[5]   The Court notes that it need not consider the additional factual allegations contained in Plaintiff's opposition papers. Even setting aside the fact that Plaintiff's "*pro se*" opposition was clearly prepared with the assistance of an attorney, the Court construes *Gill v. Mooney*, which considered an affidavit submitted opposition to a motion to dismiss, as not controlling here, where Plaintiff has already amended the complaint once. *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987). In the alternative, the Court finds that those additional factual allegations are not consistent with Plaintiff's Amended Complaint, which is detailed but conspicuously absent of them.

11

not allege facts plausibly suggesting that (1) a policymaker acted with ill will or personal animosity toward her because of her disability, or (2) an official with authority to address the alleged discrimination and to institute corrective measures on Plaintiff's behalf had actual knowledge of ongoing discrimination against Plaintiff but failed to respond adequately. (*Id*.) Plaintiff alleges that "Defendant NYS has caused a pattern of purposeful discriminations [sic] and/or retaliations [sic] based on my personal disability resulting [in] an investigative failure since Spring 2016 that seriously violates ADA, Title II." (Dkt. No. 20, at 2.) The Amended Complaint alleges wrongdoing with regard to four of Defendant's employees: (1) Ms. Longo, ADA Compliance Officer; (2) Mr. Iacona, investigator; and (3) Tim Furlong, Mr. Iacona's supervisor; and (4) Mr. Ayers, Head of the Agency Designee. (*See generally id.*; Dkt. No. 31, Attach. 2, at 25.)

With regard to Ms. Longo, the Amended Complaint alleges that she "failed to perform appropriately through the planning and contracting stages before people with disabilities contact the office for reasonable accommodations" because a qualified interpreter was not made available to Plaintiff. (Dkt. No. 20, at 3.) In addition, the Amended Complaint alleges that "Ms. Longo . . . never explained the ADA Grievance and Procedure since April 2016 to present." (*Id.* at 9.) There is no allegation that Ms. Longo was a policymaker; but, even assuming that she was, the Amended Complaint does not allege that she acted with ill will or personal animosity towards Plaintiff because of Plaintiff's disability. (*See generally id.*)

With regard to Mr. Iacona, the Amended Complaint alleges that he "made a judgmental error closing the case" after the meeting of March 11, 2016, in which Plaintiff was unable to communicate through a qualified interpreter. (*Id.* at 3-4.) In addition, the Amended Complaint

12

alleges that Mr. Iacona "failed to diagnose many potential many [sic] frauds [sic] including the power steering hosing being illegally cut and illegally patched by wrong material, a false annual inspection and among other things." (*Id.* at 4.) There is no allegation that Mr. Iacona was a policymaker; but again, even assuming that he was, the Amended Complaint does not allege that he acted with ill will or personal animosity towards Plaintiff because of Plaintiff's disability. (*See generally id.*)

With regard to Mr. Furlong, the Amended Complaint alleges that Plaintiff filed a grievance in late March 2016 regarding "Mr. Iacona's professional judgment error," and Mr. Furlong "suspended the case report." (*Id.* at 4, 8.) Drawing all reasonable inferences in favor of Plaintiff, as the Court must do on a motion to dismiss, the Court finds that theAmended Complaint alleges that Mr. Furlong was a policymaker because it alleges that he was a supervisor of Mr. Iacona who could take corrective measures. (*Id.*)[6] However, there is no allegation that Mr. Furlong had actual knowledge of ongoing discrimination directed at Plaintiff and failed to take corrective action. The Amended Complaint merely alleges that the complaint filed with Mr. Furlong was "about Mr. Iacona's professional judgment error," which does not suggest any allegation of discrimination. (*Id.* at 4.)

With regard to Mr. Ayers, the Amended Complaint alleges that, after the meeting of May 20, 2016, he "intentionally concealed . . . his recommend[ed] determination whether the frauds [were] to be handled administratively or criminally." (*Id.* at 5.) In addition, the Amended Complaint alleges that "Mr. Ayers never explained the ADA Grievance and Procedure since

---

[6] However, the Court notes that Mr. Furlong's title and role are unclear because the Amended Complaint also suggests that Mr. Furlong could be another investigator. (Dkt. No. 20, at 8.)

April 2016 to present." (*Id.* at 9.) Drawing all reasonable inferences in favor of Plaintiff, the Court finds that the Amended Complaint alleges that Mr. Ayers was a policymaker because it alleges that he was "Head of the Agency Designee." (*Id.* at 7, 11.)[7] However, the Amended Complaint does not allege that he acted with ill will or personal animosity towards Plaintiff because of Plaintiff's disability or that he had actual knowledge of ongoing discrimination directed at Plaintiff and failed to take corrective action. (*See generally id.*)

For all of these reasons, the Court grants Defendant's motion to dismiss.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss for failure to state a claim (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's cross-motion for summary judgment (Dkt. No. 31) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 20) is **DISMISSED**; and it is further

**ORDERED** that Plaintiff's Appeal of Magistrate Decision (Dkt. No. 55) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of the Court shall close this action.

Dated: December 19, 2018
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[7] However, the Court notes that Mr. Ayers' title and role are unclear because Plaintiff also referred to him as an investigator. (Dkt. No. 31, Attach. 2, at 25.)